**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1173**

_____

HARVINDERJIT SINGH SAHI,

                  Petitioner,

       v.

LORETTA E. LYNCH, Attorney General,

                  Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: May 29, 2015              Decided: June 9, 2015

_____

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Harvinderjit Singh Sahi, Petitioner Pro Se. Sheri Robyn Glaser, Benjamin C. Mizer, Ernesto Horacio Molina, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvinderjit Singh Sahi, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have thoroughly reviewed the record, including the various documentary exhibits relevant to communal violence, and the transcript of Sahi's merits hearing. We conclude that substantial evidence supports the Board's decision. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (stating standard of review).

Regarding Sahi's claim that he suffered past persecution, the record does not compel the conclusion that the Indian government and the police were consistently unable or unwilling to intervene when Sahi was the victim of communal violence. See 8 U.S.C. § 1252(b)(4)(B) (2012); Crespin-Valladares v. Holder, 632 F.3d 117, 128 (4th Cir. 2011). As the Board noted, Sahi never reported any of the incidents of alleged persecution to the police. See, e.g., Mulyani v. Holder, 771 F.3d 190, 198–99 (4th Cir. 2014) (where the petitioner's claim was undermined by her failure to contact the police or any other government authority). Moreover, Sahi submitted no evidence corroborating

2

his belief that Indian police are ineffective at investigating religious violence or are somehow complicit in that violence.

Further, the record does not compel the conclusion that Sahi's fear that he will be persecuted if he returns to India is objectively reasonable or that it is more likely than not that he will be tortured after his return. Sahi cannot meet either the subjective or objective component of this standard. See Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Sahi's subjective fear of persecution is undermined by his decision to return to India twice after visits to the United States. See, e.g., Ritonga v. Holder, 633 F.3d 971, 977 (10th Cir. 2011) (where return trips to the petitioner's home country undermined her claim that she had a subjective fear of persecution). Moreover, as we have noted, the independent evidence submitted by Sahi does not suggest that police are unwilling or unable to intervene, to investigate, or to make arrests in instances of religious violence.

Because substantial evidence supports the finding that Sahi did not establish past persecution or a well-founded fear of persecution, we will not disturb the Board's decisions regarding Sahi's petition for asylum or withholding of removal. See Yi Ni v. Holder, 613 F.3d 415, 427 (4th Cir. 2010) (reiterating the rule that, because withholding of removal requires a higher

burden of proof, "an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal").

We also will not disturb the Board's decision regarding Sahi's request for protection under the CAT.  To qualify for that protection, a petitioner must show that it is more likely than not he would be tortured upon return to his home country, and that torture would be with the acquiescence of a public official.  Zelaya v. Holder, 668 F.3d 159, 167 (4th Cir. 2012).  As we have noted, Sahi has not shown that the communal violence he suffered, or that he fears suffering on return to India, occurred or would occur with the acquiescence of a public official.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4